IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PACIFIC UNION FINANCIAL, LLC, \*

 Plaintiff, \*

v.               Civil Action No. PX-17-1309

WALDORF FORD, \*

 Defendant. \*

\*\*\*\*\*\*

**MEMORANDUM OPINION**

On March 28, 2017, Plaintiff Pacific Union Financial, LLC ("Pacific Union") filed suit in Prince George's County Circuit Court against Patrice Temukum, Lemnue Valerie Fobi, the Secretary of the U.S. Department of Housing and Urban Development ("HUD"), and Waldorf Ford, Inc. ("Waldorf Ford"). ECF No. 2. The case primarily concerns the reformation of a Deed of Trust that conveyed a lien against real property located at 10109 Martin Avenue, Glenn Dale, Maryland 20769 (the "Property") to Pacific Union (the "Deed of Trust"). *See* ECF No. 2 ¶¶ 1, 17. HUD removed the action to this Court. ECF No. 1. Summonses were served on Waldorf Ford on April 17, 2017. *See* ECF Nos. 28, 35. On November 15, 2017, Pacific Union moved for entry of default against Waldorf Ford pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 33. The Clerk entered an order of default on November 17, 2017. ECF No. 35. On March 28, 2018, Pacific Union moved for default judgment against Waldorf Ford. ECF No. 39. Waldorf Ford has not filed any response, and the time for doing so has passed. *See* D. Md. Loc. R. 105.2.a. Pursuant to Local Rule 105.6, a hearing is not necessary. For the reasons stated herein, Pacific Union's Motion for Default Judgment is GRANTED.

## I. BACKGROUND

The Court summarizes the facts as relevant to Pacific Union's claim against Waldorf Ford. On September 3, 2009, Tamukum obtained title to the Property. ECF No. 2 ¶ 10. On February 22, 2013, Tamukum conveyed his interest in the Property to himself and Fobi as tenants by the entireties. ECF No. 2 ¶ 16. On June 6, 2014, Tamukum received a refinance loan from Pacific Union in the amount of $382,478.00 (the "Pacific Union Loan"), and executed a deed of trust conveying a lien against the Property to Pacific Union (the "Deed of Trust"), which was duly recorded. ECF No. 2 ¶ 17. Although the Deed of Trust identified both Tamukum and Fobi as grantors, and although all parties intended that both Tamukum and Fobi would execute the Deed of Trust, because of a mutual mistake only Tamukum in fact executed the document. ECF No. 2 ¶ 17. The proceeds of the Pacific Union Loan were used to satisfy the balances of previous loans obtained by Tamukum in relation to the Property. *See* ECF No. 2 ¶¶ 11, 12, 13, 19. Then, on August 26, 2014, Waldorf Ford recorded a Notice of Lien Judgment in the amount of $2,000 against Tamukum and Fobi. ECF No. 2 ¶ 20.

Pacific Union brought suit against Tamukum, Fobi, HUD, and Waldorf Ford, seeking (among other relief) to reform the Deed of Trust to clarify that both Tamukum's and Fobi's interests in the Property are subject to the Deed of Trust and that both are bound by its terms; a declaration that the reformed Deed of Trust is superior in priority to Waldorf Ford's judgment; and a declaration that the previous loans and associated deeds of trust obtained by Tamukum from HUD had been satisfied and released. *See* ECF No. 2 at 5, 6.

On November 15, 2017, Pacific Union moved for an entry of default against Fobi and Waldorf Ford, which was granted. ECF Nos. 33, 35. On November 17, 2017, Pacific Union dismissed its claims against HUD. ECF No. 34. Subsequently, on March 8, 2018, Pacific

Union, Tamukum, and Fobi filed a consent motion for entry of a consent order, declaring that the Deed of Trust is reformed as if both Tamukum and Fobi had executed it, that the Deed of Trust is enforceable as to both Tamukum's and Fobi's interests in the Property, and that both Tamukum and Fobi are subject to the terms of the Deed of Trust. ECF No. 37-1 at 1. The Court entered the consent order on March 15, 2018. ECF No. 38. As such, the only remaining defendant in the case is Waldorf Ford. *See* ECF No. 38 at 2. In its Motion for Default Judgment, Pacific Union seeks a declaration that the now-reformed Deed of Trust is superior in priority to Waldorf Ford's judgment lien. ECF No. 39 at 1. For the reasons stated below, the Court will grant Pacific Union's request.

**II.     STANDARD**

Federal Rule of Civil Procedure 55(b) governs default judgments, which may be entered by the Clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear. Fed. R. Civ. P. 55(b)(1). In all other cases, Rule 55(b)(2) provides that "the party must apply to the court for a default judgment." The Court may then "conduct hearings or make referrals" if it is necessary to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Although "the Fourth Circuit has a strong policy that cases be decided on the merits," default judgment nevertheless "is available when the adversary process has been halted because of an essentially unresponsive party." *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (internal quotation marks and citations omitted). Whether to grant a default judgment rests with the sound discretion of the Court. *See SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In assessing the propriety of default judgment, the Court engages in a two-step inquiry: First, the Court must decide "whether the unchallenged facts" in the complaint "constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010). Second, if the Court finds that the complaint makes out a legitimate cause of action, the Court must then "make an independent determination" as to appropriate relief. *See id.* In the case of a default judgment that seeks declaratory relief, such relief is appropriate "if the well-pleaded allegations of the complaint establish the plaintiff's right to such relief." *CitiMortgage, Inc. v. Holmes*, Case No. DKC-13-1641, 2015 WL 224944, at *2 (D. Md. Jan. 14, 2015).

## III. DISCUSSION

Waldorf Ford was served with a copy of the Complaint on April 17, 2017, and failed to respond. *See* ECF Nos. 28, 35. Waldorf Ford also did not respond to Pacific Union's motion for entry of default judgment, nor did it move to set aside the Order of Default entered by the Clerk of the Court. The Court will exercise its discretion to grant default judgment in light of Defendants' failure to participate in this case. *See Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Accordingly, all of Pacific Union's factual allegations are deemed admitted. Fed. R. Civ. P. 8(b)(6).

Taking the well-pleaded facts of the Complaint as true, Pacific Union has established that the Deed of Trust entered into on June 6, 2014, and recorded on August 18, 2014, was intended to be between Tamukum, Fobi, and Pacific Union, and to have been executed by both Tamukum and Fobi. *See* ECF No. 2 ¶ 17. That Deed of Trust now has been reformed to reflect this intention. ECF No. 38. The Complaint also sets out that Waldorf Ford was a judgment creditor, and not a bona fide purchaser for value. *See* ECF No. 2 ¶¶ 6, 27.

These facts suffice to show that the Deed of Trust is superior to Waldorf Ford's judgment lien and, as such, that Pacific Union is entitled to the declaratory judgment it requests. The Deed of Trust was executed on June 6, 2014, and recorded on August 18, 2014. *See* ECF No. 39-4 at 1, 8–10, 12–13. The reformation of the Deed of Trust relates back to the date of the Deed of Trust itself. *See In re Madeoy*, 551 B.R. 172, 176 (D. Md. 2016) ("Normally, if a court reforms a contract, the modification relates back to the date of the original transaction."). The reformation is effective as to all persons except bona fide purchasers for value without notice. *See Hoffman v. Chapman*, 182 Md. 208, 211 (1943); *In re Wilkinson*, 186 B.R. 186, 190 (Bankr. D. Md. 1995).[1] By contrast, a judgment creditor is not a bona fide purchaser, and "a judgment creditor's claim is subject to prior, undisclosed equities and must stand or fall by the real, and not the apparent rights of the defendant in the judgment." *In re Restivo Auto Body, Inc.*, 772 F.3d 168, 178 (4th Cir. 2014) (internal marks and citation omitted). Waldorf Ford obtained its judgment lien on August 26, 2014, after the Deed of Trust was executed and recorded. *See* ECF No. 39-5 at 1–2. Thus, Waldorf Ford's interest is inferior in priority to the Deed of Trust.

### IV. CONCLUSION

For the foregoing reasons, Pacific Union's Motion for Default Judgment is GRANTED. The Court will grant declaratory relief reflecting that the Deed of Trust is superior in priority to the judgment lien held by Waldorf Ford. A separate order shall follow.

| 8/28/2018 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |

---

[1] Those who hold subsequent encumbrances *for present consideration* also may not be prejudiced by a reformation. *See In re Madeoy*, 551 B.R. at 176–77 (citing *Right to Reformation of Contract or Instrument as Affected by Intervening Rights of Third Persons*, 79 A.L.R.2d 1180, 1186 (1961)).

5